PHILIP T. BESIROF (CA SBN 185053)
PBesirof@mofo.com
ALEXEI KLESTOFF (CA SBN 224016)
AKlestoff@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiffs
3A ENTERTAINMENT LTD. and LABCROFT LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| 3A ENTERTAINMENT LTD. and LABCROFT LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>CONSTANT ENTERTAINMENT, INC. and PHILIP HO,<br><br>Defendants. | Case No.   CV 08-1274 JW<br><br>**NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: September 22, 2008<br>Time: 9:00 AM<br>Courtroom 8, Fourth Floor<br><br>Date action filed: March 4, 2008 |

### NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that as soon as the matter may be heard in the above-referenced Court, located at 280 South 1st Street, San Jose, CA 95113, Plaintiffs 3A Entertainment, Ltd. and Labcroft, Ltd. will and hereby move the Court for an order permitting discovery to commence immediately. Plaintiffs make this motion on the grounds that an order granting expedited discovery is necessary to allow them to obtain information regarding Defendants' financial condition, which will support Plaintiffs' request for default judgment.

This motion is based on this notice of motion and motion, memorandum of points and authorities, and the pleadings and papers on file herein, and such other argument and evidence as may be presented to the Court at a hearing on the motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs 3A Entertainment Ltd. and Labcroft Ltd. brought this action seeking damages they incurred as a result of Constant Entertainment, Inc.'s ("Constant") breach of numerous contracts, as well as misrepresentations made by it and its President Philip Ho regarding Constant's ownership of rights to certain software games that were the subject of those contracts.

Plaintiffs filed their complaint on March 4, 2008. Both Constant and Ho were served on March 12, 2008. Neither Constant nor Ho have answered or otherwise pled in response to the complaint. The Clerk accordingly entered both defendants' default on April 22, 2008.

Plaintiffs now seek an order allowing discovery to commence immediately, so that Plaintiffs may obtain information regarding Defendants' financial condition, which will facilitate Plaintiffs' request for a default judgment.

## ARGUMENT

Because Defendants have defaulted, they have no right to appear in this action and cannot participate in a Federal Rule of Civil Procedure 26(f) conference. Accordingly, there is presently a formal stay on discovery pursuant to Federal Rule of Civil Procedure 26(d). *See* Fed. R. Civ. P. 26(d) (prohibiting discovery "from any source before the parties have conferred as required by Rule 26(f)"). Thus, without an order from this Court allowing discovery, Plaintiffs have no avenue for seeking discovery regarding Defendants' financial condition, which will support their request for punitive damages as part of a default judgment. An order permitting discovery to commence immediately will allow Plaintiffs to obtain this information and facilitate the speedy resolution of this case. Allowing expedited discovery is thus warranted here. *See Blazek v. Capital Recovery Assocs.*, 222 F.R.D. 360, 360 (E.D. Wis. 2004) (court authorized plaintiff to engage in discovery of defendant under Rule 26(d) when defendant had defaulted).

1  Plaintiffs believe that a hearing on this motion is unnecessary. Because Defendants have defaulted, they cannot file an opposition to this motion or appear at any hearing. Thus, Plaintiffs believe that this motion can be resolved on their submission alone.

**CONCLUSION**

For the foregoing reasons, Plaintiffs should be allowed to take discovery of Defendants immediately.

Dated: June 23, 2008

PHILIP T. BESIROF
ALEXEI KLESTOFF
MORRISON & FOERSTER LLP

By:  /s/ Alexei Klestoff
     Alexei Klestoff

Attorneys for Plaintiffs
3A ENTERTAINMENT LTD. and
LABCROFT LTD.