United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| 3A Entertainment Ltd, et al., | NO. C 08-01274 JW |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE REQUEST TO COMMENCE DISCOVERY** |
| v. | |
| Constant Entertainment, Inc., et al., | |
| Defendants. | |

3A Entertainment Ltd. ("3A") and Labcroft Ltd. (Labcroft) (collectively, "Plaintiffs") bring this diversity action against Contstand Entertainment Inc. ("Constant") and Phillip Ho ("Ho") (collectively, "Defendants") alleging, *inter alia*, breach of contract and fraud. Both defendants are in default. (Docket Item No. 13.) Presently before the Court is Plaintiff's administrative request to commence discovery. (Plaintiff's Case Management Statement, hereafter, "Statement," Docket Item No. 14.) Plaintiff seeks the Court's authorization to begin discovery on the financial status of the Defendants for purposes of alleging damages in a motion for default judgement. (Statement ¶ 4.)

Unless limited by court order, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. Fed. R. Civ. P. 26(b)(1). For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Id.

1  The court may allow discovery even when parties have not conferred as required by Rule 26(f).
2  Fed. R. Civ. P. 26(d)(2).

3  The general rule of law is that upon default, the factual allegations of the complaint, except
4  those relating to the amount of damages, will be taken as true. Televideo Systems, Inc. v.
5  Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Financial Group, 559
6  F.2d 557, 560 (9th Cir. 1977). While plaintiff may not serve requests for admission upon a
7  non-answering defendant, plaintiff may use other discovery tools to obtain evidence to present a
8  prima facie case at default judgment hearing, as, for example, by subpoenaing and taking deposition
9  of non-parties such as defendant. In re Liu, 282 B.R. 904, 910 (C.D. Cal. 2002); Fed. R. Civ. P.
10 55(b)(2). However, a court may deny a plaintiff's request to conduct discovery in order to
11 determine damages if plaintiff fails to identify any specific discovery that will lead to the
12 determination of damages. Holmes v. Plath, 2007 WL 2782839, at *1 (E.D. Cal. September 24,
13 2007).

14 In this case, Plaintiffs have made clear they are seeking information on the financial
15 conditions of Defendants for purpose of gathering evidence to support a request for punitive
16 damages. Although Plaintiffs may have difficulty obtaining compliance with discovery from
17 Defendants who have yet to respond in any way, the Court finds it appropriate to allow Plaintiffs the
18 opportunity to do so.

19 Accordingly, the Court GRANTS Plaintiffs' request to commence discovery. Plaintiff may
20 commence limited discovery into the financial status of Defendants for the purpose of proving
21 punitive damages.

23 Dated: June 24, 2008

JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

aklestoff@mofo.com
PBesirof@mofo.com

**Dated:  June 24, 2008**                                            **Richard W. Wieking, Clerk**

                                                                **By:   /s/ JW Chambers**
                                                                       **Elizabeth Garcia**
                                                                       **Courtroom Deputy**