PHILIP T. BESIROF (CA SBN 185053)
PBesirof@mofo.com
ALEXEI KLESTOFF (CA SBN 224016)
AKlestoff@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiffs
3A ENTERTAINMENT LTD. and LABCROFT LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| 3A ENTERTAINMENT LTD. and LABCROFT LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>CONSTANT ENTERTAINMENT, INC. and PHILIP HO,<br><br>Defendants. | Case No.     CV 08-1274 JW<br><br>**PLAINTIFFS' CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT**<br><br>Date: September 8, 2008<br>Time: 10:00 am<br><br>Date action filed:  March 4, 2008 |

Plaintiffs 3A Entertainment Ltd. and Labcroft Ltd. hereby submit their Case Management Statement and Rule 26(f) Report.

1.     Jurisdiction and Service:  This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of California and citizens of foreign states.  No issues exist regarding personal jurisdiction or venue and all parties have been served.

2.     Facts:  Between 2005 and 2007, Constant Entertainment Inc. entered into several contracts with Plaintiffs for the delivery of rights to certain software games.  Constant never delivered those rights, thereby breaching the contracts, and has refused to return the money paid to it by Plaintiffs.

During the negotiations for a number of those contracts, Constant, through its Chief Executive Officer, Philip Ho, made false representations regarding Constant's ownership of rights to certain game titles.  Plaintiffs relied on those representations in contracting with Constant, and thereby suffered damages.

Because Defendants have defaulted, there are no factual issues in dispute.[1]

3.    <u>Legal Issues</u>:  As Defendants have defaulted, there are no disputed points of law.

4.    <u>Motions</u>:  Plaintiffs intend to request entry of default judgment against Defendants.

5.    <u>Amendment of Pleadings</u>:  Plaintiffs do not intend to amend their complaint at this time.

6.    <u>Evidence Preservation</u>:  Plaintiffs have preserved evidence relevant to their claims and provided this information to their counsel.

7.    <u>Disclosures</u>:  Because Defendants have defaulted, the parties have not exchanged initial disclosures.

8.    <u>Discovery</u>:  Because Defendants have defaulted, the parties have not had a Rule 26(f) meeting and thus no discovery has been taken to date.  Defendant's Rule 26(f) discovery plan is as follows.

a.   As Defendants have defaulted, no exchange of initial disclosures has been made or is necessary.

b.   Plaintiffs do not intend to seek any additional discovery from Defendants at this time.

c.   There are no issues relating to disclosure or discovery of electronically stored information at this time.

d.   There are no issues relating to claims of privilege at this time.

e.   No changes should be made to the limitations on discovery.

9.    <u>Class Actions</u>:  This is not a class action.

---

[1] Plaintiffs served their complaint on Defendants on March 12, 2008.  Defendants failed to appear or otherwise respond to the complaint within the time prescribed by the Federal Rules of Civil Procedure, and the Clerk of the Court entered their default on April 22, 2008.

10.    <u>Related Cases</u>:  There are no related cases or proceedings pending before another judge of this Court or before another court or administrative body.

11.    <u>Relief</u>:  As against Constant, 3A seeks $984,482 in compensatory damages for Constant's fraud and breach of contract, as well as punitive damages.  This amount represents money paid to Constant pursuant to the contracts at issue in this action.  As against Philip Ho, 3A seeks $290,000 in compensatory damages for Mr. Ho's fraud, as well as punitive damages.  This amount represents money paid pursuant to contracts that Constant fraudulently induced 3A into entering.

As against Constant, Labcroft seeks $128,000 in compensatory damages for Constant's fraud and breach of contract, as well as punitive damages.  This amount represents money paid to Constant pursuant to the contract at issue in this action.  As against Mr. Ho, Labcroft seeks $128,000 in compensatory damages for Mr. Ho's fraud, punitive damages, and costs of suit.  This amount represents money paid pursuant to a contract that Constant fraudulently induced Labcroft into entering.

12.    <u>Settlement and ADR</u>:  There are no prospects for settlement at this time.  As Defendants have defaulted, no ADR efforts have been made.

13.    <u>Consent to Magistrate Judge for All Purposes</u>:  Plaintiffs do not consent to have a magistrate judge conduct all further proceedings.

14.    <u>Other References</u>: This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    <u>Narrowing of Issues</u>:  As Defendants have defaulted, no issues require narrowing and there is no need for stipulations of fact.

16.    <u>Expedited Schedule</u>:  Because the only remaining issue in the case is entry of default judgment, Plaintiffs believe this case can be completed expeditiously.

17.    <u>Scheduling</u>:  As Defendants have defaulted, Plaintiffs believe that scheduling dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference, and trial is unnecessary at this time.  Plaintiffs will submit proposed dates should the Court require them.

1    18.    <u>Trial</u>:  Because Defendants have defaulted, trial is unnecessary.

2    19.    <u>Disclosure of Non-party Interested Entities or Persons</u>:  As stated in Plaintiffs'

3    March 4, 2008 disclosure, the following listed parties may have a financial interest in the subject

4    matter in controversy:

5    Akella

6    Digital Storm Trading, Ltd.

7    SWT Entertainment, Ltd.

8    OOO "Izdatelstvo Akella-1"

9    Quadriga Capital

10    Intel Capital

11    Dated: August 25, 2008                    PHILIP T. BESIROF
                                               ALEXEI KLESTOFF
12                                             MORRISON & FOERSTER LLP

13                                             By:    /s/ Alexei Klestoff
                                                      Alexei Klestoff
14
                                               Attorneys for Plaintiffs
15                                             3A ENTERTAINMENT LTD. and
                                               LABCROFT LTD.
16

17

18

19

20

21

22

23

24

25

26

27

28